Parker, C. J.
[After reciting the facts from the report.] A verdict having been returned for the plaintiff, a motion is made for a new trial, upon the ground that the direction given at the trial was not right in point of law; and this motion has been urged upon the Court.
It is insisted, by the defendant’s counsel, that, as the bargain for the land had been completed, and the deed delivered, before the note was presented to the defendant for his signature, his undertaking was merely collateral, and not binding, for want of a consideration, and for want of a memorandum in writing, according to the provisions of the statute of frauds and perjuries; or that, if the defendant be liable at all, it must be only as guarantor of the payment by the promisor; in which case evidence of such being the intent of his signature ought to have been given by the plaintiff, to maintain his action.
[ * 439 ] * But we are of opinion that the direction given by the judge, upon the facts proved in the case, was right, and that the verdict is fully justified.
It was in evidence that the endorsement or security of the defendant, or that of his brother William,, was one of the grounds of the bargain between the plaintiff and Benjamin Bird. The plaintiff parted with his land without taking a mortgage, upon the faith of receiving a note so secured. Although no evidence exists of an agreement, on the part of the defendant, to endorse, before the bargain was made, yet the plaintiff had a right to presume, when the names of the purchaser’s brothers were mentioned to him, that there had been an arrangement between the brothers for that purpose. The signature by the defendant, a day or two after the note was made, of itself furnishes evidence that there had been a previous agreement or encouragement on his part to aid his brother in the purchase by lending his name; and his declaration, at the time of his signature, that he gave his name to make the plaintiff easy, but that he would not be accountable, carries with it a strong implication that he was under a moral obligation to comply with some stipulation previously made, and which probably formed an inducement to the plaintiff to transfer his land. If it was a fact that his signature was in consequence of the purchase made by his brother, upon representations made that he would sign the note, although his signing was not until after the delivery of the deed, his act ought to be referred to the date of the transactions; and he must be presumed, when he signed in blank, to have assented to such a reference; so that he would be considered, in law as well as *397 justice,, as having placed his name on the note at the time it bears date, if that be necessary to give effect to his engagement.
The jury having, by their verdict, established the fact that the defendant’s signature was in consequence of the bargain for the land, and of the expectation that his name would be placed upon the note, it becomes merely a question, as to the form of the action, whether the plaintiff has * brought his action [ * 440 j right, in charging the defendant with having made and signed this promissory note, or whether he should have declared against him as guarantor, after having written over his name words tending to charge him in that particular form.
It is manifest that the defendant intended to make himself liable in some form; at least such is the intent legally to be presumed, even against his declaration at the time of signing. Had the note been made payable to him, and negotiable in its form, the plaintiff would have been restricted to such an engagement written over the signature as would conform to the nature of the instrument. In such case, the defendant would have been held as endorser, and in no other form ; for such must be presumed to have been the intent of the parties to the instrument. But this note was not made payable to the defendant, and therefore was not negotiable by his endorsement.
What, then, was the effect of his signature ? It was to make him absolutely liable to pay the contents of the note. If he had been asked, after the note became due, to guaranty its payment, and such had been the understanding when he gave his name, it might have been necessary to declare against him as guarantor, instead of charging, him as original promisor; but no such agreement is proved He puts his name upon a note, payable to another in consequence of a purchase made by his brother, in a day or two after the bargain was made, knowing that he could not be considered in the light of a common endorser, and that he was entitled to none of the privileges of that character. He leaves it to the holder of the note to write any thing over his name which might be considered not to be inconsistent with the nature of the transaction. The holder chooses to consider him as a surety, binding himself originally with the principal; and we think he has a right so to do. If he was a surety, then he may be sued as original promisor. (3)
We are satisfied that the verdict is right, and judgment must be rendered accordingly.

Judgment on the verdict, 

(a)

 5 Mass. Rep. 358, Hunt vs. Adams. — 9 Mass. Rep. 314, White vs. Howland,

 White vs. Howland, 9 Mass. Rep. 314.— Sumner vs. Gay, 4 Pick. 312. — Joselyn vs. Ames, 3 Mass. Rep. 274. — Sed vide Tenny vs. Prince, 4 Pick. 385. — Bur *398 chard vs. Bartlett, 14 Mass. Rep. 279. — Carver vs. Warren, 5 Mass. Rep. 546. — Brush vs. Reeves, Admr. 3 Johns. 439. — Jackson vs. Richards, 2 Caines’s Rep. 345. - - Hodgkins vs. Bond, 1 N. H. R. 284. — Palmer vs. Grant, 4 Conn. R. 389. — Tilman vs. Wheeler, 17 Johns. 326. — Huntington vs. Harvey, 4 Conn. R. 124. — Hill vs. Lewis, 1 Salk. 132. — Governor, &c., Bank of England vs. Newman, Lord Raym. 442. — Bailey on Bills, c. 5, § 1.— Chitty on Bills, 142.— Thompson on Bills, 101, 285— Waynam vs. Bend, 1 Camp. 175. And see note to White vs. Howland, ubi sup.