Nov. 3d.
In assumpsit on a promissory note payable to the plaintiff or order on demand, signed by P and indorsed in blank by the defendant, the plaintiff declared against the defendant as original promisor and grantor, and the action was maintained.
This was assumpsit on a promissory note, payable to the plaintiff or order on demand with interest, signed-by W. Pratt and indorsed in blank by the defendant. The declaration contained two counts, the first charging the defendant as maker, the second, as guarantor.
Rand
contended that the defendant must be considered as an indorser, and not as an original promisor; Tillman v. Wheeler, 17 Johns. R. 326; Huntington v. Harvey, 4 Connect. R. 124; and he said that the note in Moies v. Bird, *326 11 Mass. R. 436, was erroneously described in the report as being payable to order. He cited also Carver v. Warren, 5 Mass. R. 546; Palmer v. Grant, 4 Connect. R. 389; Waynam v. Bend, 1 Campb. 175; Brush v. Adm. of Reeves, 3 Johns. R. 439; Jackson v. Richards, 2 Caines’s R. 345 * Hodgkins v. Bond, 1 N. Hamp. R. 284.
Judgment for the plaintiff.

[1]

 Where such an indorsement is made at the time of making the note, it seems that the indorser will be considered as a surety, without any other evidence. Baker v. Briggs., 8 Pick, 122. See Wylie v. Lewis, 7 Connect. R. 301; Herrick v. Carman, 12 Johns. R. 159. But where the indorsement is made after the making of the noté, a consideration for the indorsement must be proved. Tenney v. Prince, 4 Pick. 385, and 7 Pick. 243. See Neelson v. Sanborne, 2 N. Hamp. R. 413.
If A execute to B his promissory note, and C indorse his name in blank on the same, paroi evidence is admissible to show the understanding that C was to be holden only collaterally. Barrows v. Lane, 5 Vermont R. 161.
See Bayley on Bills, (Phil, and Sewall’s 2d ed.) c. 2, § 5, p. 46 to 49.