CLARK, survivor, &c. vs. RAWSON.

In the body of a written contract it was stated to be made between R. & C., and by its terms C. was to deliver certain property to R., but it was signed by C. & H.; held, that both C. and H. were contracting parties with R.

ERROR to Jefferson C. P. Rawson sued Clark & Hinds before a justice of the peace, and declared on the following written contract:

"Memorandum of an agreement between Edmund Rawson of the· one part, and Wm. J. Clark of the other part: said Clark agrees to deliver to said Rawson's saw mill in Wilna, on or before the first day of April next, pine timber enough in the log to make 42 thousand sawed shingles, calculated to take about seven thousand feet board measure; said timber is to be of good quality, and suitable to make good sawed shingles; the same being for twenty-one thousand shingles. Dated Wilna Dec. 21, 1842.

WM. J. CLARK,

· JASON HINDS."

It was proved that both of the defendants signed the agreement at the same time; and that prior to that time Clark had had the 21 thousand shingles from the plaintiff. The jury found a verdict for the defendants, on which the justice rendered judgment. On certiorari the C. P. reversed the judgment; and the defendants now bring error.

D. J. Wager, for plaintiffs in error.

G. M. Bucklin, for defendant in error.

*By the Court,* BRONSON, Ch. J.   In the body of the instrument, Clark alone is mentioned as the contracting party : but it is evident from the names subscribed to it without resorting to the extrinsic evidence, that Hinds also intended to bind himself as a joint contractor with Clark ; and the intention of the parties, when it can be gathered from the writing, and is not contrary to law, must be carried into effect.

A consideration for the promise is plainly expressed by the words, " the same being for twenty-one thousand . shingles."

The defendants rely on the statute of frauds ; and it may, perhaps, be inferred from the face of the instrument that Hinds was a surety for Clark.   But that is no answer to the action ; for though Hinds was a surety, his contract was in writing, and a consideration was plainly expressed.   *Parks* v. *Brinkerhoff,* (2 *Hill,* 663,) is an authority for plaintiff on all the points in the case.

Judgment affirmed.