Leonard v. Wildes.

---

## LEONARD *versus* WILDES.

One, who puts his name upon the back of a note, when it is made, or at a subsequent time, in pursuance of an agreement made with the payees at the time the contract, out of which it originated, was made, is chargeable as an original promisor.

And *such note* is legal evidence to support a count for money had and received.

Where a note is payable to partners, and by them negotiated, the indorsee after releasing the partners, may call them as witnesses in an action against *such* makers.

If one of the payees, being partners, of a note, negotiated it, after the dissolution of the firm, without authority from his co-partners, their subsequent ratification will make the transfer valid.

And although indorsed by one of the partners, for a purpose foreign to the business of the firm, yet, if afterwards ratified by the other partners, *such* transfer is effectual.

The mode of computing interest on notes where partial payments have been made, stated in the case of *Dean* v. *Williams,* 17 Mass, 417, is adopted in this State.

On Exceptions from *Nisi Prius,* Rice, J., presiding.

Assumpsit, on a promissory note of the following tenor: —

"Gardiner, July 14, 1849.

"For value received, I promise to pay Clays & Dinsmore or order seven hundred and twenty-five dollars and sixty-seven cents, in four months.                    "John Kelley, 2d."

On the back of the note was this indorsement, "Responsible without demand or notice, Clays & Dinsmore," and above this was the name of "William Wildes," the defendant; also indorsed "May 10, 1852,—Received one hundred and twenty-six dollars and eighty-two cents."

The writ contained two counts, one of them being for money had and received. The general issue was pleaded. The signatures upon the notes were not denied.

Testimony was introduced by defendant, tending to show that he was not at Gardiner at the time the note was made, &c.

The plaintiff called Bradbury T. Dinsmore, who was objected to, as being one of the firm of Clays & Dinsmore, but after a release of the liability of said firm on the note in suit, was executed and delivered to him, by the plaintiff, he was allowed to testify. By him it appeared that Clays & Dinsmore sold to Kelley, a raft of lumber, and also a raft to defendant, and they agreed to indorse each other's paper. Kelley took away his raft, some four or five days, or perhaps a week, before the defendant took his. When Kelley took his raft, he left this note signed by him, and when the defendant came

Leonard *v.* Wildes.

for his, this note was taken out of their safe, and defendant put his name on the back, as he had agreed.

Defendant's counsel contended, that the name of Wildes being upon the back of the note, and the firm name of the payees having been indorsed upon the back also, at some time unknown, or at all events, before the note was negotiated at the Gardiner Bank, the legal presumption is, on the failure of proof to the contrary, that the name of Wildes was thus put upon the note as an indorser, and in legal effect subsequent to the indorsement of the payees, and this notwithstanding his name is written above that of the payees, and desired the Judge so to instruct the jury, which request was declined.

The Court instructed the jury, that if they were satisfied from the evidence, that the defendant put his name upon the note, in pursuance of an agreement, made with the payees at the time the contract out of which it originated was made, he would be liable as an original promisor, whether he actually signed when the note was originally made, or at a subsequent time; but if there was no such original agreement or understanding, and he put his name upon the note, at a time subsequent to the making and delivery, he would then stand in the situation of a guarantor, and would not be liable; and that the note produced, not being such a note as is described in the first count, the plaintiff cannot recover upon this count.

Defendant's counsel, among other things, requested the Judge to instruct the jury —

1st. That the note is not evidence to support the second count.

2d. That an indorsee cannot recover upon the money count. The facts alleged in this count do not make a good cause of action, because it is not alleged, that the money was had and received at the request of the defendant.

3d. If the note was indorsed to the plaintiff, by Henry T. Clay, in the name of the firm of Clays & Dinsmore, after the dissolution of the firm, and without authority for that purpose by other members of the firm, that indorsement is void, and the plaintiff cannot recover upon the note.

4th. If the firm was not at that time dissolved, still, Henry T. Clay had no authority to indorse the note to the plaintiff, for a purpose foreign to the business of the firm, unless so permitted by the other members.

5th. If it is true, that the defendant put his name upon the note, after it was made and delivered to Clays & Dinsmore, he cannot be holden in this action.

6th. In such case, if holden at all, he is holden as a guarantor ; and since there is no declaration against him as guarantor, he is not held at all in this action.

The 1st, 2d, 5th and 6th requests were refused by the Court.

The third request was complied with, but in connection with it, the Court said, that if such indorsement was subsequently ratified by the other members, the indorsement would be good, although the firm might then have been dissolved.

The fourth requested instruction has likewise been given, with the addition, that if ratified by the other members afterwards, the indorsement would then be good.

The Judge also instructed the jury, that the rate of damages would be to compute the interest from the time when the note became due to the date of the partial payment indorsed, add the interest to the principal and substract the partial payment, and then compute the interest on the balance to the day of the verdict.

A verdict was returned for plaintiff for the amount of the note and interest.

*W. Gilbert,* for defendant.

*H. W. Paine,* for plaintiff.

SHEPLEY, C. J. — The case is presented on exceptions and on report of the testimony. According to the testimony of Dinsmore, a member of the firm, to which the note was made payable, the defendant indorsed his name on the back of the note, within four or five days after it was made by Kelley, in accordance with an engagement to do so, before it was made, and before the note had been negotiated by the payees ; who could not be required to indorse it, to avail themselves of his

contract, and as he could not be liable to them as an indorser, he must be regarded as a maker. *Irish* v. *Cutler*, 31 Maine, 536.

Dinsmore was properly admitted as a witness for the plaintiff. His claim to have his partners account for the note could not be affected by the result of this suit.

A compliance with the position of the defendant's counsel, with respect to the effect of the names as found upon the back of the note, would have required the jury to disregard Dinsmore's testimony, stating when and how the defendant's name was written upon it ; and the request founded upon that position was properly refused, and the instructions given were correct.

The first and second enumerated requests for instructions were properly refused.

If the defendant upon the testimony was to be regarded as a maker and not as an indorser, the note would be evidence to support the count for money had and received, and its allegations were sufficiently formal.

The third request assumes, that there had been a dissolution of the firm. If given, it might have withdrawn from the jury a consideration of the testimony introduced to prove it. The fourth was also objectionable, as assuming that the note was indorsed, "for a purpose foreign to the business of the firm." The instructions given in connection with these requests, appear to have been appropriate and essential to a correct presentation of the case, for consideration by the jury.

The fifth and sixth requests were properly refused, for reasons already stated.

When the only member of a firm entitled to complain, that the note had been improperly negotiated, or that it had been negotiated for a purpose not within the scope of the partnership, had been examined as witness in the case, without making any objection to its negotiation, the jury would be authorized to infer, that it had been done with his consent, or that he had subsequently approved of it.

The rule respecting the mode of casting interest, stated in

the case of *Dean* v. *Williams*, 17 Mass. 417, has been re-
ceived here, whether the payments were or were not volunta-
rily made.                    *Exceptions and motion overruled.*

TENNEY, APPLETON and CUTTING, J. J., concurred.