DAVID R. HAWKES *vs.* ENOS B. PHILLIPS & another.

A person, not a party to a promissory note, who, after its delivery to the payee, places his name upon its back, pursuant to an agreement made with the payee before the making of the note, though without the maker's knowledge, is liable on the note as a joint promisor.

Under the *St.* of 1852, *c.* 312, § 3, judgment and execution against one of two joint and several makers of a note, pending exceptions taken by the other, is no bar to a judgment against the first also upon the overruling of the exceptions.


ACTION OF CONTRACT upon this promissory note : " Providence, June 27th, 1854. For value received, I promise to pay David R. Hawkes or order two hundred and fifty dollars, with interest, in one year from date.                Enos B. Phillips."

Upon the back of the note was the signature of William H. Phillips, the other defendant. Enos was defaulted ; and a trial upon the question of William's liability as maker of the note was had in the court of common pleas before *Bishop*, J., who signed the following bill of exceptions :

" There was evidence tending to show that William H. Phillips did not put his name on the back of the note until six or eight months after its date, and after it was passed to the plaintiff, and he had paid the defendant Enos B. Phillips the amount of money for which the note was given. There was also evidence tending to show that Enos B. Phillips made no agreement to furnish any security, and was not aware that additional security was to be furnished.

" Evidence was introduced by the plaintiff, tending to show that some time prior to the date of the note the plaintiff and William H. Phillips had a conversation, and William H. told the plaintiff that, if he would furnish money to Enos B. Phillips, he (William H.) would sign the note.

" The defendant asked the court to instruct the jury that the action could not be maintained, if they were convinced that Enos B. Phillips did not agree to furnish additional security, and was not aware that it was to be furnished; and that upon the foregoing evidence the action could not be maintained."

" The presiding judge declined to give the instructions prayed for; but instructed the jury that if they were reasonably satisfied, upon the whole evidence, that the defendant promised the plaintiff, that if the plaintiff would lend to Enos B. the money mentioned in the note, he would become jointly bound with Enos B. as joint promisor in the note to be given, and the plaintiff lent this sum to Enos B. upon the faith of that promise, and William H. put his name on the back of the note in pursuance of that promise, he was liable as a joint promisor, and the plaintiff had a right to recover. To these instructions and rulings the defendant excepts."

*C. I. Reed & G. E. Williams,* for the defendant. The contract was complete when the plaintiff took the note from Enos. *Ilsley* v. *Jewett,* 2 Met. 168. In order to charge, as a maker of a promissory note, one who indorses his name upon it, two things are necessary, namely, a participation in the original consideration, and an indorsement before the note has acquired the character of a contract. *Tenney* v. *Prince,* 4 Pick. 385, and 7 Pick. 243. *Mecorney* v. *Stanley,* 8 Cush. 85. *Moies* v. *Bird* 11 Mass. 436. *Austin* v. *Boyd,* 24 Pick. 64. *Samson* v. *Thornton,* 3 Met. 275. *Bickford* v. *Gibbs,* 8 Cush. 156. *Riley* v. *Gerrish,* 9 Cush. 104. If the original debt is already incurred, a new and distinct consideration is necessary to support the collateral undertaking. 1 Parsons on Con. 496, and cases cited.

*E. H. Bennett,* for the plaintiff, cited *Moies* v. *Bird,* 11 Mass. 436; *Lovering* v. *Fogg,* 18 Pick. 540; *Leonard* v. *Wildes,* 36 Maine, 265.

DEWEY, J. Independently of the evidence of the previous stipulation on the part of the defendant to sign the note, the fact of its signature by him several months after its date and its execution by the other signer, would have been a fatal objection to the maintenance of the present action. *Mecorney* v. *Stanley*, 8 Cush. 85.

But the case discloses an agreement on the part of the defendant, prior to the date of the note, that if the plaintiff would furnish money to Enos B. Phillips, the other signer, he would sign the note. The jury have found, not only this promise to become jointly bound with Enos B. Phillips, but that the plaintiff lent this sum to Enos B. Phillips on the faith of that promise, and that the defendant put his name on the back of the note, in pursuance of that promise. This obviates the objection relied upon, and brings the case fully within the principle settled in *Moies* v. *Bird*, 11 Mass. 436, where it was held, that although the signing of the note by the defendant was subsequent to the making of the note by the principal, yet his act of signing ought to be referred to the date of the original execution of the note, and that the party signing in execution of a previous promise must be held to assent to such a reference, so that he would be considered as having placed his name on the note at the time it bore date.

In this view of the case, it is the ordinary case of a third person writing his name on the back of an unindorsed note, and thus making himself chargeable as a joint promisor. The fact that Enos B. Phillips made no agreement to procure any other signer as security, and that this previous stipulation was between the defendant and the payee of the note, does not affect the liability of the defendant to the present plaintiff. Whether, in case of payment by the defendant, he can recur to Enos B. Phillips, and maintain an action against him, for moneys paid for him under a liability assumed without previous request by him, may present a different question.

*Exceptions overruled.*

William H. Phillips then moved in arrest of judgment, be-

cause the plaintiff, since the allowance of the exceptions, had taken judgment and execution against Enos B. Phillips.

But THE COURT, upon the ground that the *St.* of 1852, *c.* 312, § 3, authorized a separate judgment and execution against one of two joint and several promisors,    *Overruled the motion.*