John S. McNaught, Respondent, *v.* Matthew McClaughry, Executor. &c., of Joseph McClaughry, deceased, Appellant.

A having executed and delivered to plaintiff his promissory note, which specified no time of payment, at the same time agreed with plaintiff that he would procure B to sign said note as his surety, if at any time plaintiff should deem himself insecure, or should desire further security. Plaintiff, some months afterward, returned said note to A, with the request that he should procure B to sign it. A did thereupon procure B to sign the same as his surety, and afterward redelivered the note to plaintiff, no new consideration having then passed between the parties.

*Held* (Lott and Sutherland, JJ., *contra*), that B was liable to plaintiff upon the note.

(Argued January 6th, 1870, decided March 17th, 1870.)

The judge before whom this cause was tried, found the facts of the case, to be the following, viz. :

On the 28th day of April, 1855, Abram McClaughry, for a good and valuable consideration, executed his promissory note in writing, dated that day, whereby he promised to pay to the plaintiff, or bearer, the sum of $300 with interest, and at the same time delivered said note to the plaintiff, who is the legal owner and holder thereof, and nothing has been paid thereon. That, at the same time with the execution and delivery of said note, Abram McClaughry promised and agreed to, and with the said plaintiff that he (Abram) would

procure his father to sign said note as his surety, if at any time the plaintiff should deem himself insecure, or should desire further security, and the plaintiff accepted and received such note under such assurance and agreement. In three or four months afterward the plaintiff returned the note to Abram, with the request that he should procure his father, the defendant's testator, to sign it as Abram's surety. Abram then procured Joseph McClaughry, his father and the defendant's testator, to sign the note for the accommodation and as the surety of Abram; and Abram afterward redelivered the note to the plaintiff, no new consideration having then passed between the parties. The said Joseph has since departed this life, leaving a last will and testament in and by which the defendant was named as his executor, which will has been duly admitted to probate, and letters testamentary issued thereon to the defendant. The defendant's testator executed said note without any new consideration having passed between said Abram and the plaintiff. As a conclusion of law, he found and adjudged, that the plaintiff was entitled to recover from the defendant, the amount of the note with interest. The General Term of the sixth district affirmed the judgment, and the defendant appealed to this court.

*Amasa J. Parker*, for the appellant, cited *Mecorney* v. *Staney* (8 Cush., 85); *Union Bank* v. *Willis* (8 Metc., 504); *Benhall* v. *Judkins* (13 id., 265); *McCaughey* v. *Smith* (27 N. Y., 41); *Hawkes* v. *Phillips* (7 Gray, 284); *Moies* v. *Bird* (11 Mass., 436); *Shear* v. *Mallory* (13 John. R, 496); *Farley* v. *Cleaveland* (4 Cow., 432; id., 13); *Elwood* v. *Moni* (5 Wend., 235); *Farnsworth* v. *Clark* (44 Barb., 601); 1 Wait Pr., 107.

*William Gleason*, for respondent, cited 7 Gray, 284; 11 Mass., 436; 19 Barb., 248; 8 Dana, 98; Story on Prom. Notes, 474; 1 Pars. on Cont., 391; 2 E. D. Smith, 395; 36

Maine, 265; 2 Sand. R., 151; 2 Hill, 663; *Sowerby* v. *Butcher* (2 Cr. & M., 368).

Hunt, J. The case presents but a single question. Abram McClaughry borrows money or makes a purchase of the plaintiff, for which he gives him his note for $300, with interest. No time of payment is specified. At the time of making and delivering the note, Abram promised and agreed with the plaintiff, that he would procure his father to sign the note as surety, if at any time the plaintiff should desire it, or should deem himself insecure. The plaintiff accepted the note upon this agreement. In a few months the plaintiff desired the additional security, and Abram procured his father to sign the note for the accommodation of him, Abram, and redelivered it to the plaintiff. No new consideration then passed between the parties or to the father.

I cannot doubt that the defendant is liable in this action. Both principle and authority concur in this result. The note was past due, when the holder became dissatisfied with his security. He informs the maker that he is not satisfied. Two courses were open to the latter, to pay the note or to give the holder additional security. He adopts the last alternatve. He procures his father to put his name upon the note, and, in the language of the judge, "redelivered" to the plaintiff the note thus signed. I am not able to see why this is not a new agreement upon a present and valid consideration, and obligatory upon all parties.

The case was argued, however, chiefly upon the seond ground, to wit: That at the time of obtaining the money or property, and as a portion of the bargain by which the plaintiff accepted a note, the maker agreed to obtain the name of his father upon the same, whenever desired by the plaintiff, and that the signature was given in performance of that agreement. This position is sound also. Suretyship upon promissory notes may be made in various forms, as by becoming an undersigner, an indorser or formal guarantor. In every form the existence of a sufficient consideration betwen

the maker and the lender establishes a sufficient consideration also as against the surety. In practice there is usually no communication between the lender and the surety. The business is transacted between the principals alone. A borrower applies at a bank for a loan, offering to furnish the name of his friend as security, or presents, in the first instance, a note so indorsed. It is neither customary nor necessary for the bank to investigate the relations existing between, or the motives operating upon, the different parties. It is enough that it is the fact that the one is willing to become the surety for the other. In inquiring into the consideration, we inquire, therefore, only so far as to ascertain that a sufficient consideration exists between the principals in the transaction.

How is it in the case before us. The authorities are clear upon the two propositions involved in the question. 1. If Abram had given his note to the plaintiff, and the same had been accepted in performance of the contract without further condition, and the note was yet unmatured, the obtaining an additional indorser would have been a gratuitous act on the part of Abram, and the indorser would not be bound. He would not be bound, not because there was no direct consideration moving to himself, but because there was no sufficient consideration moving to his principal. On the other hand, if Abram had originally agreed with the lender that he would obtain the new indorser, and had obtained the money upon the faith of that promise, then his finding the additional indorser was based upon a valid consideration, and the indorser was held by his signature. To this precise point is the case of *Moies* v. *Bird* (11 Mass. R., 436). This case has been recognized and affirmed in *Hawkes* v. *Phillips* ( 7 Gray, 284); *Lovering* v. *Fogg* (18 Pick. R., 540); *Leonard* v. *Wildes* (36 Maine R., 265.) See also *Parks* v. *Brinckerhoff* (2 Hill, 663); *Clark* v. *Rawson* (2 Denio, 135).

I see no objection to the admissibility of the testimony complained of.

Judgment should be affirmed with costs.

HAND —VOL. III.          4

FOSTER, J., also read an opinion for affirmance on the ground that " the transaction was agreed to by all the parties, and that, as between the payee, Abram and his father, the note, signed by both the latter, was, to all intents, legally the same as if the note executed by the son alone had been surrendered up and canceled, and the note in question had then been wholly executed and delivered to the plaintiff upon the original debt due from Abram to him."

For affirmance, HUNT, FOSTER, SMITH, INGALLS, GROVER, JJ., and EARL, Ch. J.

For reversal, LOTT and SUTHERLAND, JJ.

Judgment affirmed.