Charles M. Harrington, Respondent, *v.* Maria Brown, Impleaded, etc., Appellant.

M. procured a loan of money from H. on a promise that B. would sign a note with him for the amount of the loan. M. delivered his own note, stating that B. would sign it ; this B. did some two years thereafter. In an action upon the note, *held*, that B. was liable ; that her signature would be considered as having been placed to the note at its date, and this although B. did not know of the arrangement; that it was sufficient if she signed at the request of M., who had given the assurance.

(Argued April 3, 1879; decided April 15, 1879.)

Appeal from judgment of the General Term of the Supreme

Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This was an action upon a promissory note made by defendants, payable to Betsey Harrington. The answer of defendant Mrs. Brown, alleged that she signed the note after its delivery without consideration, and solely for the accommodation of defendant Medbury.

The facts appear sufficiently in the opinion.

*Samuel J. Crooks,* for appellant.     To make a surety liable it must be shown that he was privy to the original agreement.     (*Herrick* v. *Carman,* 10 J. R., 224, [12th ed.], 159 ; *Tillman* v. *Wheeler,* 17 id., 326; *Waterbury* v. *Sinclair,* 16 How. Pr., 324; *Moore* v. *Cross,* 19 N. Y., 265; 47 id., 265.

*H. H. Harrington,* for respondent.     There was sufficient consideration for the signature of defendant Brown to the note in suit.     (*McNaught* v. *McClaughry,* 42 N. Y., 22; 1 Pars. on Notes, 195; 2 id., 657; *Clark* v. *Blackstock,* 1 Holt N. P., 474; *Mores* v. *Bird,* 11 Mass., 436; 7 Gray, 284, 286; *Kinsman* v. *Birdsall,* 2 E. D. S., 395, 397; *Fenly* v. *Pritchard,* 2 Sandf., 155; *Grant* v. *Ellicott,* 7 Wend., 227; *Jaffrey* v. *Brown,* 7 N. Y. W'kly Dig., 203.)     It was not necessary that plaintiff should show that Medbury told Mrs. Brown he had agreed she should sign the note.     (42 N. Y., 25; 11 Mass., 439.)

DANFORTH, J.     Production of the note and proof of the defendant's signature thereto entitled the plaintiff to a verdict, and he did not forfeit this right when he gave evidence of the origin of the note and its consideration.

The appellant claims that the plaintiff's title is no better than that of the payee, and in that view the case will be examined.

Mrs. Harrington and Mrs. Brown were sisters, and Medbury was their brother.     Mrs. Harrington lived in New Berlin ; Medbury and Mrs. Brown in Troy.     On the first

of March, 1869, Mrs. Harrington was the owner of town bonds of the value of $1,700, and on that day, at New Berlin, Medbury applied to her for a loan of money, saying : " Mrs. Brown told me to do so and she said she would be good for it." Mrs. Harrington declined to loan the money unless Mrs. Brown would sign the note, and Medbury said she would do so. Mrs. Harrington thereupon gave him the bonds which he received as so much money and the next day brought to her the note signed only by himself, at the same time saying, " Mrs. Brown will sign it." She was not then in New Berlin. About two years after this Mrs. Brown went to New Berlin, called upon Mrs. Harrington and asked her for the note in question. It was placed in her hands and she thereupon signed it and returned it to Mrs. Harrington. In the meantime there had been no communication between Medbury and Mrs. Harrington or between Mrs. Harrington and Mrs. Brown. This is Mrs. Harrington's version of the transaction. Mrs. Brown and Medbury were both examined in their own behalf. Medbury admitted that he gave the note and received the bonds, but said he took them for safe keeping " in the form of a loan," but used them in his business as a merchant. He denies that he was to procure the signature of Mrs. Brown to the note, but says that subsequently he was requested by Mrs. Harrington to do so ; and Mrs. Brown says : " Medbury requested me to sign the note as a matter of form, and I signed it." All this evidence was before the jury, and was quite sufficient to warrant their verdict. From the statement of Mrs. Harrington it was apparent that she parted with her bonds on the assurance that the note would be signed by Mrs. Brown. If it had been signed at the moment of the delivery of the bonds, it would not be claimed that her promise was invalid for want of a consideration, although none passed from the payee to her. The time of signing is of no importance. It is only material to ascertain whether the payee parted with her property upon condition that Mrs. Brown would sign the note. If she did, the plaintiff's right against her is the same

as it would have been if the note had been executed by her at the moment when the bonds were delivered to Medbury. But it is urged on behalf of the appellant that she cannot be held liable unless she knew of the arrangement between the payee and Medbury and signed the note in fulfillment of it, and such in substance was the charge of the learned trial court. In giving it, we think the court went further than was necessary and that it was too favorable for the defendant. It was enough to hold Mrs. Brown to a fulfillment of her promise if the arrangement existed between Medbury and the payee that Mrs. Brown should sign the note, and the payee relying upon the arrangement parted with her property although Mrs. Brown did not know of the arrangement and did not sign the note until after the consideration passed from the payee to Medbury. It is enough that she signed the note at the request of the person who had given the assurance that she would do so. (*McNaught* v. *McClaughry*, 42 N. Y., 25.)

But the evidence was sufficient to justify the jury in finding that Medbury did communicate to Mrs. Brown the arrangement which he had made with Mrs. Harrington that Mrs. Brown would sign the note ; for afterwards Mrs. Brown called upon Mrs. Harrington and without any inquiry as to the circumstances attending the note or its origin, or explanation on her part for doing so, asked for the note, and when it was handed to her, did without comment place her name in the proper place as maker. These acts of the defendant have a direct relation to the promise made by Medbury, and furnish evidence that there had been a previous agreement or promise on her part to be " good for" or sign the note for the money which her brother should borrow of the payee, and from her immediate and unquestioning compliance with his request to sign the note, a strong inference is to be drawn that she was under an obligation to do so. Under the charge of the judge the verdict of the jury establishes that the arrangement between Medbury and Mrs. Harrington in regard to Mrs. Brown's signing the note was, as

claimed by the plaintiff; that it was made by the authority of Mrs. Brown, or subsequently ratified by her. Therefore the case is brought within the principle of law which declares that her act of signing ought to be referred back to the date of the original execution of the note, and she be considered as having placed her name on the note at the time it bore date. (*McNaught* v. *McClaughry*, 42 N. Y., 22; *Moies* v. *Bird*, 11 Mass., 436.)

In the cases cited by the learned counsel for the appellant it was claimed that the real relations between the parties were different from those appearing, from their position, upon commercial paper, and they seem to have no bearing upon the questions on the decision of which this case turns.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.