[No. 14781. Department Two. — September 13, 1892.]

DAVID WINDERS, RESPONDENT, v. CHARLES E. SPERRY ET AL., APPELLANTS.

PROMISSORY NOTE — LOAN TO ONE JOINT MAKER — SUBSEQUENT SIGNA-
TURE OF ACCOMMODATION MAKER — CONSIDERATION — DELIVERY. —
Though, as a general rule, one who adds his signature to a promissory
note after its execution and delivery is not bound unless there is a new
consideration, yet where a loan is made upon the consideration that the
borrower will execute a note and procure the signature of another per-
son to it as a joint maker, with the understanding that the note shall not
be considered as delivered until signed by such other person, and his
signature is procured several days afterward, whereupon the note is de-
livered as a complete instrument to the payee, the party so adding his
signature is bound by the note without the necessity of a new considera-
tion, notwithstanding he had no prior knowledge or agreement respecting
the loan previously made.

ID. — DELIVERY BY ONE MAKER — CONSIDERATION OF SUBSEQUENT SIGNA-
TURE — TERM OF CREDIT. — Where a note is executed and delivered as
to one of two joint makers, under a contract that the other maker should
sign the note, and the note is accepted only upon that understanding, and
a credit of one year from its date is given on such promise, and in consid-
eration of the procuring of the other signature, the subsequent signature
is supported by a sufficient consideration.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion.

*L. J. Maddux,* for Appellants.

The note was signed without consideration. (*Leverone v. Hildreth,* 80 Cal. 139.)

*John Heenan,* for Respondent.

The signing of the appellant will relate back and be considered as having taken place, as far as the passing of the consideration is concerned, at the time the money was loaned. (*Harrington* v. *Brown,* 77 N. Y. 72; *McNaught* v. *McClaughry,* 42 N. Y. 25; 1 Am. Rep. 487.)

TEMPLE, C. — This appeal is taken by defendant Charles E. Sperry from the judgment and from an order refusing a new trial.

The action is by the indorsee of a non-negotiable note against the two makers, and the appellant separately defended on the ground that his contract was without consideration.

The trial was by the court, which found for the plaintiff. On only one important point is there a conflict in the evidence. Resolving that as we are bound to in favor of the decision, we have this state of facts: E. N. Sperry, being without credit, but desiring to borrow some money from Charles Sperry, who was his nephew and son-in-law, told Charles that he had spoken to his son —. the appellant — in regard to the matter, and that his son said if he, Charles, would loan the money to him, E. N., the son would be responsible for the payment of it, and would sign the note as joint maker. Thereupon Charles gave E. N. his check for the amount, and took a note signed only by E. N., but in form joint and several, reading. " We, or either of us, promise to pay," etc. Charles knew when he loaned the money that E. N. was not able to pay, and told him then that he looked wholly to appellant for payment. E. N. Sperry, when the note was taken by Charles, said that his son would be down soon, and as Charles Sperry testified: " I said perhaps you had better take this note, you will see him before I will, and he said, ' No, you had better take it and send it up there,' and I sent it up the next day, I think."

As matter of fact, E. N. Sperry had never spoken to his son in regard to the matter, and appellant knew nothing of the loan until he received a letter from Charles, the contents of which do not appear further than indicated by the reply of appellant, which was as follows: —

CERES, Sept. 22, 1888.

" BROTHER CHARLES, — Received your letter this morning, and say in reply that I think it will be all right. Send note up, and I will sign it and send it back.

"Respectfully,

" C. E. SPERRY."

The money was given to E. N. Sperry on the 19th, and the note received by Charles, signed only by E. N. Sperry, at the same time. The signature of appellant must have been at least four days afterwards.

The court found, in effect, that the note was not delivered as a complete instrument on the 19th, and that it was understood that it should not be so considered until signed by appellant. This conclusion is warranted by the testimony of Charles Sperry, and it does not matter here that this testimony was contradicted by other evidence.

It is true, in general, that one who adds his signature to a promissory note after its execution and delivery is not bound unless there is a new consideration. But this is not that case. The execution and delivery were not complete until it was signed by appellant.

But if we are bound to conclude that it had been executed and delivered as to one of the makers, there was a consideration for the subsequent signature of the appellant. As the contract was that he should sign the note, and the note was accepted only upon that understanding, the payee could have canceled it or tendered it back if appellant had refused to sign, and maintained a suit at once for his money.

The note was payable one year after date, and the credit was given on the promise and in consideration of appellant's signature. Had he not signed the note this consideration would have failed.

But while the general rule as to a signature obtained after the execution and delivery of the note is as above stated, it has been held that where the borrower promises at the time of the loan and the execution and delivery of a note, signed by himself alone, that he will procure another signature, that the person so signing afterwards is bound; that the subsequent signature is not without consideration. (*McNaught* v. *McClaughry*, 42 N. Y. 22; 1 Am. Rep. 487; *Harrington* v. *Brown*, 77 N. Y. 72.) The exigencies of this case do not require us to go so far as that.

I think the judgment and order should be affirmed.

Vanclief, C., and Foote, C., concurred.

For the reasons· given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFarland, J., De Haven, J., Sharpstein, J.