[L. A. No. 14.   Department One.—November 9, 1895.]

# FRED N. PAULY, ETC., RESPONDENT, *v.* ELI H. MURRAY, APPELLANT.

PROMISSORY NOTE—SIGNATURE OF SURETY AFTER LOAN OF MONEY—CONSIDERATION. — Where the payee of a note parts with his money on the faith of a promise by the borrower that he will procure the signature of a surety to the note, the surety is bound, although he does not sign the note until the money is advanced.

ID.—SURRENDER OF JOINT NOTE—CONSIDERATION FOR INDIVIDUAL NOTE. Where there is a sufficient consideration for a joint note signed by one of the makers as a surety, the surrender thereof to the surety is a sufficient consideration for the individual note of the surety to the payee.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. JAMES A. GIBSON, Judge.

The facts are stated in the opinion.

*Cassius Carter*, and *Withington & Carter*, for Appellant.

Defendant, being a surety only, and the consideration having passed to Burns before his signature, is not liable. (Brandt on Suretyship, sec. 9; *Leverone* v. *Hildreth*, 80 Cal. 139; *Ellis* v. *Clark*, 110 Mass. 389, 392; 14 Am. Rep. 609; *Pratt* v. *Hedden*, 121 Mass. 116; Civ. Code, sec. 2831.) The creditor is bound to make a full, fair, and honest communication of every circumstance in his knowledge calculated in any way to influence the surety in answering unto the required obligation. (Kerr on Fraud, 122, and cases cited; *Guardian Fire etc. Co.* v. *Thompson*, 68 Cal. 208; *Franklin Bank* v. *Cooper*, 36 Me. 179; *Pidcock* v. *Bishop*, 3 Barn. & C., 605; *Peck* v. *Durett*, 9 Dana, 486; *Doughty* v. *Savage*, 28 Conn. 146.)

*Allen & Flint*, for Respondent.

As the bank parted with its money on the promise of Burns that he would procure the defendant's signature to the note, even though the defendant signed the note after the money was advanced, he is liable on the note. (*Moies* v. *Bird*, 11 Mass. 436; 6 Am. Dec. 179; *Harrington* v. *Brown*, 77 N. Y. 72; *Leverone* v. *Hildreth*, 80 Cal. 139; *Hawkes* v. *Phillips*, 7 Gray, 284; *Lovering* v. *Fogg*, 18 Pick. 540; *Leonard* v. *Wildes*, 36 Me. 265; *Parks* v. *Brinkerhoff*, 2 Hill. 663; *Clark* v. *Rawson*, 2 Denio, 135; Randolph on Commercial Paper, sec. 920; *Williams* v. *Perkins*, 21 Ark. 18.)

VANCLIEF, C.—Action on a promissory note made by defendant to said bank July 20, 1891, for the sum of five hundred and seventy-eight dollars and eighty cents, payable ninety days after date, with interest at the rate of one per cent per month from date.

It is alleged in the answer of the defendant that this note was made by him as a renewal of a former note for the sum of five hundred dollars and interest, jointly made by him and one Hugh Burns to said bank, on which joint note he was a mere surety, of which the

bank had notice at the time it was signed by him; that said joint note was given to secure a loan of five hundred dollars, made and advanced to Burns by the bank on a note signed by Burns alone, several hours before defendant signed the same as a joint maker with Burns; that at the time defendant signed the last-mentioned note he was ignorant of the alleged facts that the bank had, some hours before, on the same day, actually advanced to Burns the five hundred dollars loaned, and had accepted as security therefor the note signed by Burns alone; that he was induced thus to sign said joint note by a collusive and fraudulent suppression, by Burns and the bank, of the facts that the loan had been made, and that Burns' individual note had been accepted therefor, before he was induced to sign said note as a joint maker; that he remained ignorant of said suppressed facts until long after he individually made the note in suit as a renewal of said joint note; and for these reasons he alleges that there was no consideration for his signature to said joint note, and consequently no consideration for the renewal thereof by the note in suit.

The court below found as facts that the loan to Burns by the bank was solicited by Burns on January 21, 1890, he having been introduced to Collins, the president of the bank, by defendant; that at the time he solicited the loan Burns represented to the bank that defendant would sign a note for the money, if loaned, jointly with him, though defendant was not then present, and had not then promised the bank to sign the note; that thereupon the bank agreed to make the loan on the condition that Burns would procure the signature of defendant to the note as a joint maker; that Burns then signed the note and passed it to the note-clerk of the bank, promising that he would cause defendant to sign it, but the president of the bank then directed the clerk not to enter the note as discounted by the bank until it should be signed by the defendant, but at the same time advanced and delivered the five

hundred dollars loaned to Burns; that thereafter, during banking hours on the same day, the defendant called at the bank and signed the note, and after it was signed it was, in the regular course of business on the same day, entered as a discounted note; that in advancing said money to Burns the bank relied upon the promise of Burns that he would cause defendant to sign the note; that defendant signed the note merely as an accommodation to Burns and received no other consideration therefor, and did not know, at the time he signed, that Burns had before that time received the money loaned; that after the maturity of the note the defendant, at the request of the bank, renewed it by making the note in suit, without any consideration additional to that for the joint note; and " that no fraud or misrepresentation of any kind or character was used, practiced, or made by said bank, or by any one in its behalf, in or about the procurement of the signature of defendant, Murray, either to said original note or to the note sued on in this action."

Upon these findings of fact judgment passed in favor of plaintiff for the amount sued for.   The defendant appeals from the judgment and from an order denying his motion for a new trial.   Appellant contends: 1. That the findings of fact are not justified by the evidence; and 2. That the facts found do not warrant the judgment.

The only material controversy about the facts relates to the consideration for the first note.   If there was a sufficient consideration for the joint note, the surrender thereof to defendant was undoubtedly a sufficient consideration for the individual note of the defendant upon which this action is founded.

In order to establish a sufficient consideration for the first note it was only necessary, in addition to the admitted facts, to find, as the court did find, an affirmative answer to the following questions: Did Burns, before he received the money, promise the bank that he would cause defendant to sign the note? Did the bank advance

·the money relying in good faith upon that promise, so that the agreement for the loan and the security therefor was not completely executed until after defendant signed the joint note? I think the evidence, direct and circumstantial, sensibly tended to prove, and therefore justified, these findings. As to the fraud and collusion charged, there is no evidence tending to prove them.

The facts of this case plainly and materially distinguish it from that of *Leverone* v. *Hildreth*, 80 Cal. 139. In that case the note signed by the defendant had been completely executed by his father, and was two months overdue when defendant signed it, and there was no plausible pretense of any consideration moving to the defendant. By implication that case justifies the judgment in this. Speaking of the authorities cited by the respondent in that case, the court, by the chief justice, said: "They are to the effect that if the payee parts with his money on the faith of a promise by the borrower that he will procure the signature of a surety to his note, the surety is bound if he sign the note after the money is advanced; but such is not the case here." Such, however, is the case at bar. The authorities referred to by the chief justice, so far as reported, are *McNaught* v. *McClaughry*, 42 N. Y. 22, 1 Am. Rep. 487, and *Harrington* v. *Brown*, 77 N. Y. 72. In the first of these cases the court said: "The authorities are clear upon the two propositions involved in the question: 1. If Abram had given his note to the plaintiff, and the same had been accepted in performance of the contract without further condition, and the note was yet unmatured, the obtaining an additional indorser would have been a gratuitous act on the part of Abram, and the indorser would not be bound. . . . . On the other hand, if Abram had originally agreed with the lender that he would obtain the new indorser, and had obtained the money upon the faith of that promise, then his finding the additional indorser was based upon a valid consideration, and the indorser was held by his signature. To this precise point is the case of *Moies* v. *Bird*, 11 Mass. 436,

6 Am. Dec. 179, recognized and affirmed in *Hawkes* v. *Phillips*, 7 Gray, 284; *Lovering* v. *Fogg*, 18 Pick. 540; *Leonard* v. *Wildes*, 36 Me. 265. (See, also, *Parks* v. *Brinkerhoff*, 2 Hill, 663; *Clark* v. *Rawson*, 2 Denio, 135.)"

I think the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.