(21 Misc. Rep. 619.)

### COLSTON v. PEMBERTON.

(Supreme Court, Appellate Term.    November 24, 1897.)

GUARANTY OF NOTE—CONSIDERATION.
    Where a guaranty of a promissory note is made prior to the delivery and acceptance of the note itself, in order to·procure an advance of money or credit upon the faith of both note and guaranty, no further consideration is necessary to bind the guarantor than that moving between the principal parties, and no consideration need be expressed in the guaranty.

Appeal from city court of New York, general term.

Action by Charles E. Colston against Francis R. Pemberton.    From a judgment of the general term reversing a judgment in favor of plaintiff, defendant appeals.    Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

F. S. Smith, for appellant.

Russell, Robinson & Winslow, for respondent.

McADAM, J.    The action is by the plaintiff, as assignee of Robert D. Whitice, to recover upon a guaranty executed by the defendant, in the name of F. R. Pemberton & Co., of a note of the Kensington Land Company, a Tennessee corporation.    The note and guaranty were executed at Chattanooga, Tenn.    Both Whitice and the defendant resided in said city and state, and the contract was to be performed there.    It was essentially a Tennessee contract.

The defendant pleads the statute of frauds, and the first question presented by the parties is whether the statute of Tennessee or that of this state governs. The plaintiff insists that it is the former, and the defendant that it is the latter. As the laws of both jurisdictions coincide in respect to the point upon which the right to a recovery depends, it is unnecessary to the disposition of the appeal to determine which statute controls. The necessity for such determination can arise legitimately only where the lex loci contractus and the lex fori are in conflict, and the court is required to follow the one and reject the other. In Hall v. Rodgers, 7 Humph. 540, the supreme court of Tennessee, the highest in the state, followed the rule laid down by Kent, C. J., in Leonard v. Vredenburgh, 8 Johns. 29, 30, and adopted the classification of cases made by that eminent jurist, first in which are "cases in which the guaranty or promise is collateral to the principal contract, but is made at the same time, and becomes an essential ground of the credit given to the principal or direct debtor. Here * * * is not, nor need be, any other consideration than that moving between the creditor and the original debtor." This classification of the cases has been a landmark of the law of our state for more than half a century. Baylies, Sur. p. 66. Following it, the court of appeals, in Bank v. Coit, 104 N. Y., at page 537, 11 N. E., at page 54, said: "Where a contract of guaranty is entered into concurrently with the principal obligation, a consideration which supports the principal contract supports the subsidiary one also. We understand this to be the settled doctrine,"—citing McNaught v. McClaughry, 42 N. Y. 22; Simons v. Steele, 36 N. H. 73; Brandt, Sur. §§ 6, 7. "And the consideration need not be expressed in the guaranty." See, also, Bank v. Kaufman, 93 N. Y. 273. Barney v. Forbes, 118 N. Y. 580, 23 N. E. 890, relied on by the defendant, in no manner conflicts with the rule declared, for that case applies, as the language of the court unmistakably states (at page 585, 118 N. Y., and page 891, 23 N. E.), to "a written guaranty given by a third party to a creditor that this debtor will thereafter pay to him a pre-existing debt"; and in that particular instance the guaranty "must, notwithstanding the amendment of the statute of frauds by chapter 464 of the Laws of 1863, expressly or by fair implication disclose that the promise rests on a legal consideration,"—citing Castle v. Beardsley, 10 Hun, 343; Drake v. Seaman, 97 N. Y. 230; Reed, St. Frauds, §§ 423, 426. Such a guaranty falls among the cases ranked second in Kent's classification, wherein "the collateral undertaking is subsequent to the creation of the debt, and was not the inducement to it. * * * Here must be some further consideration shown, * * * for the consideration for the original debt will not attach to this subsequent promise."

The case at bar is not in the second, but in the first, division of Kent's classification; and respecting such cases the court of appeals (McNaught v. McClaughry, 42 N. Y., at page 24) has said:

"Suretyship upon promissory notes may be made in various forms, as by becoming an undersigner, an indorser, or formal guarantor. In every form, the existence of a sufficient consideration between the maker and the lender establishes a sufficient consideration also as against the surety. In practice, there is

usually no communication between the lender and the surety. The business is transacted between the principals alone. A borrower applies to a bank for a loan, offering to furnish the name of his friend as security, or presents, in the first instance, a note so indorsed. It is neither customary nor necessary for the bank to investigate the relations existing between, or the motives operating upon, the different parties. It is enough that it is the fact that the one is willing to become surety for the other. In inquiring into the consideration, we inquire, therefore, only so far as to ascertain that a sufficient consideration exists between the principals in the transaction."

Following the inquiry suggested, we find by the amended complaint and the admissions of the answer, made either expressly or by not denying the allegations of said complaint (Code Civ. Proc. § 522), that the defendant was the president and principal stockholder in the Kensington Land Company, and therefore interested in the discharge of its obligations; that the defendant, at the instance of said corporation, made and subscribed the guaranty previous to the delivery to and acceptance by Whitice of the note in suit; and that the note was made, as expressed on its face, for value received. Story, Prom. Notes, § 51; Edw. Bills & N. p. 169; Daniel, Neg. Inst. § 161. Under the circumstances, it will be inferred that the value received by the maker was parted with for note and guaranty, because delivered at the same time, in consummation of a single transaction, to wit, an advance of money or property on the credit of both obligors; and thus the case is brought directly within the rule prevailing both in Tennessee and in New York,—that no consideration moving directly to the promisor from the creditor was necessary, and consequently none need be expressed in the guaranty. Taylor v. Ross, 3 Yerg. 332; Campbell v. Findley, 3 Humph. 330; State v. Humphreys, 10 Humph. 444; Gilman v. Kibler, 5 Humph. 24; Bank v. Coit, supra; Baylies, Sur. 57. The ground upon which the recovery was had therefore violated no rule of law, procedure, or evidence prevailing in this state; and, as there was a valid consideration for the guaranty both under the law of Tennessee and that of this state, the motion to dismiss the complaint was properly denied, and the exception to such denial is unavailing.

The judgment must be affirmed, with costs. All concur.