MICHAEL R. DOWNEY *vs.* JOSEPH O'KEEFE *et al.*

PROVIDENCE—JANUARY 18, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Bills and Notes. Joint Makers.*

It has been uniformly held in this State, prior to the passage of the negotiable instruments act, which does not apply to instruments made before July 1, 1899, that one who endorses a note payable to another before its issue is liable to the payee as a joint maker.

(2) *Bills and Notes. Endorsers.*

Whether a signature is actually endorsed upon a note before or after it comes to the possession of the payee is immaterial, if it is part of the agreement between the parties that the note shall be so endorsed to be acceptable.

ASSUMPSIT on promissory note. Heard on petition of defendants for new trial, and denied.

DOUGLAS, J. In this action the plaintiff recovered a verdict in the Common Pleas Division against Joseph O'Keefe, Dennis J. O'Connell, and Patrick D. McCann, executor of John Mc-Cann, on a promissory note of the following tenor:

"PROVIDENCE, March 10, 1899.

" $275.

"Six months after date we promise to pay to the order of Michael R. Downey Two hundred and seventy-five Dollars at his office No. 712 Banigan Building, with int. at 5% per month.

"Value received

"JOSEPH O'KEEFE,
"DENNIS J. O'CONNELL."

Upon the back was the signature, John McCann.

John McCann has died since the commencement of the suit, and his executor has duly appeared.

It was shown in evidence that the note was signed by the makers and delivered to one Hart, the agent of the plaintiff, who took it to McCann and procured his endorsement. The executor McCann resists the suit and prays for a new trial on the ground that his testator was a mere accommodation endorser and did not sign until after the delivery of the instrument.

The surviving parties do not seem to have a very clear recollection of the circumstances of this transaction. One of the defendants says that this note was given in renewal of a previous one on which McCann was endorser. If so, there can be no question that the surrender of the former note was sufficient consideration for the signatures upon this one.

If it were an original transaction, however, which seems to accord best with the recollection of the other parties, it is well established by the circumstances, as well as by the weight of the testimony, that McCann's signature was appended in pursuance of an agreement between the parties and was a condition of the credit given by the plaintiff. Therefore, although his agent took the paper in its incomplete form, he can not be said to have accepted it until McCann's endorsement was affixed. Until then the delivery was conditional.

(1) It has been uniformly held in Rhode Island, until the passage of the negotiable instruments act, Pub. Laws, cap. 674, which does not apply to instruments made before July 1, 1899, that one who endorses a note payable to another before its issue is liable to the payee as a joint maker. *Matthewson* v. *Sprague*, 1 R. I. 8; *Carpenter* v. *McLaughlin*, 12 R. I. 270; *Sawyer* v. *Brownell*, 13 R. I. 141.

(2) It makes no difference whether the signature is actually endorsed upon the note before or after it comes to the possession of the payee if it is part of the agreement that the note shall be so endorsed to be acceptable. *Moies* v. *Bird*, 11 Mass. 436; *Hawkes* v. *Phillips*, 7 Gray, 284; *Leonard* v. *Wildes*, 36 Me. 265; *Samson* v. *Thornton*, 3 Metc. 275.

The petition for a new trial is denied, and the case will be remanded to the Common Pleas Division for judgment upon the verdict.

*Barney & Lee*, for plaintiff.

*Daniel A. Colton*, for defendants.