ALEXANDER C. BEDROSIAN *vs.* ASDOOR DER MANOUELIAN.

NOVEMBER 10, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Notes.   Joint Makers.   Consideration.*

While one who signs a note after its execution and delivery and after the entire
   consideration has passed between the original parties thereto, incurs in the
   absence of a new consideration no liability, yet if it was the understanding
   at the time the payee parted with his money that the additional signature
   would be obtained and if it is affixed pursuant to the original agreement,
   such signing relates back to the inception of the original contract and no
   new consideration is necessary.

ASSUMPSIT.   Heard on exception of defendant and overruled.

RATHBUN, J.   This is an action in assumpsit to recover
on a promissory note for $300 payable to the plaintiff and
signed by the defendant and one Sarkis Der Manouelian.
The case was tried by a justice of the Superior Court sitting
without a jury and decision was rendered in favor of the
plaintiff for the face of the note with interest against the
defendant Asdoor and also against said Sarkis Der Manoue-
lian who was made a party defendant during the course of
the trial.   The case is before us on the exception of Asdoor
to said decision.

On the morning of January 9, 1925, the plaintiff loaned
$300 to Sarkis and received a note for said amount signed
by him.   During the evening of the same day the note was
taken to Asdoor who signed it as an accommodation maker.
Asdoor contends that the transaction between the plaintiff
and Sarkis was completed in the morning when the check
was received and the note delivered and that, therefore,
there was no consideration for the promise of Asdoor made
by attaching his signature to the note.

The trial justice evidently found that the signing of the
note by Asdoor was done in compliance with an agreement
made at the time the money was loaned between Sarkis and

the plaintiff, the payee, that the note would be signed not only by Sarkis, who received the money, but also by Asdoor. We would not be justified in disturbing this finding which is amply supported by the evidence. Sarkis did testify that he signed the note and received from the plaintiff a check for $300 before anything was said as to obtaining another signature to the note. On the other hand, the plaintiff testified that at the time he delivered the check it was the understanding between him and Sarkis that Asdoor would sign the note as a co-maker. The fact that the words, "We promise to pay" were written into the note instead of "I promise to pay" is a very strong indication that the agreement was that the note should bear a signature in addition to that of Sarkis.

The delivery of the money to Sarkis was a good consideration for his promise that Asdoor would sign and was a good consideration for his signing in compliance with such promise. The general rule undoubtedly is that one who signs a note after it has been executed and delivered, and after the entire consideration has passed between the original parties thereto, incurs, in the absence of a new consideration, no liability, but if it was the understanding at the time the payee parted with his money that the additional signature would be obtained, and if it was affixed pursuant to the original agreement, such signing relates back to the inception of the original contract and no new consideration is necessary. *Moies* v. *Bird*, 11 Mass. 436; *Harrington* v. *Brown*, 77 N. Y. 72; *Pauly* v. *Murray*, 110 Cal. 13, 42 Pac. 313; *Winders* v. *Sperry*, 96 Cal. 194, 31 Pac. 6; *Eitel* v. *Farr*, 178 Mo. App. 367; *McNaught* v. *McClaughry*, 42 N. Y. 22.

The defendant's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*George P. Slade, Edgar J. Lanpher, Greenough, Easton & Cross*, for plaintiff.

*Sarkis K. Boyajian*, for defendant.