Comstock v. Breed.

COMSTOCK v. BREED et al.

The old and unmeaning distinction between sealed and unsealed instruments is done away with by our statute, and the consideration of a sealed bond may be impeached by the obligor, in the same manner as a promissory note by the maker. The intention of the Legislature was to place bonds and notes on the same footing in respect to defense.

To constitute a consideration to a bond or other instrument in writing, it is necessary that some advantage to the promisor, or injury to the promisee, should occur. A past and executed consideration is not sufficient. When the debt of A, already created, is promised to be paid by B, no new term being introduced in the contract, as delay, or the like, it is not binding upon B. It is a mere understanding to pay another's debt, and is within the Statute of Frauds, and without the statute, would be void, as being without consideration.

APPEAL from the Fourth District, County of San Francisco.

This was an action on an indemnity bond executed by the defendants, and payable to the plaintiff. The condition of the bond, and the defense set up to it, are briefly stated in the opinion of the Court. The cause was tried by a jury, who returned a verdict for the plaintiff, upon which judgment was entered, and the defendants appealed to this Court.

*A. Bennett* for Appellants.

I. There was an entire want of consideration for the instrument sued upon. The consideration for the instrument sued upon was a by-gone transaction ; these appellants were strangers to the consideration at the time of the execution of the instrument, and in order to hold them liable, it was necessary to show some consideration moving

to them at the time of the execution of the instrument sued upon. Addison on Contracts, 23 ; Story on Contracts, sec. 855 ; 7 Cal. Rep. 32; Chaffee *v.* Thomas, 7 Cow. 358 ; 7 Johns. 87 ; 8 Johns. 29 ; 10 Johns. 243 ; 1 Caines, 583.

II. The instrument sued upon is void by the Statute of Frauds, the consideration not being expressed on the face of the instrument. Packer *v.* Wilson, 15 Wend. 343 ; 1 Denio, 226 ; Bennett *v.* Pratt, 4 Denio, 275.

*Thos. C. Hambly* for Respondent Dennis.

I. In answer to the first point made by defendants, it is only necessary to recur to the language of the bond, as follows : " Should the above named obligors, or either of them, immediately after the rendition of such judgment against said Comstock, pay the amount of said judgment in full, and hold the said Comstock entirely free and harmless from the consequences thereof, for the performance of which acts on the part of said obligors, Breed *et al.*, the said Comstock has paid and surrendered a good and lawful consideration, to the full satisfaction of said obligors, and for which they are firmly bound and hereby acknowledge the receipt, then," etc.

Now, what is the consideration of the bond ? Why, a payment and surrender to Frothingham & West, at the time the bond was executed, of a good and lawful consideration ; solemnly so admitted by them, under their hands and seals.

Can they now allege that there was no consideration but an advance of money to Breed a long time before ? By no means ; and they are clearly estopped from denying this consideration.

II. Nor is the bond void under the Statute of Frauds, as defendants allege. They say it is an undertaking for the naked precedent debt or default of another, and that no consideration is expressed, other than the money advanced to Breed.

The statute requires " some note or writing " expressing the consideration. Now what is the meaning of the term " expressing a consideration " ? I take it to mean alleging a consideration. What does " value received " in a note mean ? Why, it simply alleges a consideration. What does our bond say ? "A good and valuable consider-

ation paid and surrendered." This is surely a very strong and clear compliance with the statute, and wholly fulfills its demand.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

This suit was brought on a bond of indemnity, on which bond Frothingham and West were sureties, not connected, except as hereinafter stated, with the consideration. The bond recites and acknowledges the general consideration of value received and surrendered, and is conditioned to pay to Comstock, who was a Receiver in a certain pending suit in one of the Courts of San Francisco, between Breed and Dennis, such moneys advanced by Comstock to Breed, as the Court might, by judgment, order to be paid by Comstock. The defense set up by these sureties is, that these moneys had, some five months before the execution of the bond, been advanced by Comstock, without the instance or any participation in the transaction, by these sureties; and they say that this being the only consideration for their covenant, it is *nudum pactum*.

This raises the question: 1st. Whether, at law, the consideration of a sealed instrument—it expressing a consideration—may be impeached by an obligor? and, 2d. If so, was the fact asserted competent proof of a want of consideration? The first question is answered by the statute, (C. L., p. 165) which expressly gives this right to the obligor. The old, unmeaning distinction between sealed and unsealed instruments, is destroyed by the statute, and it was the design of the Legislature to place bonds and notes on the same footing in respect to defenses. It is well settled, that though a consideration be recited in a note, the defendant may show that in fact there was no consideration; and the same rule holds as to bonds.

In order to constitute a consideration, it is necessary that some advantage to promisor, or injury to promisee—the degree not material—should occur. A past and executed consideration is not sufficient. If the debt of A already has been created, the mere promise to pay it by B—no term being introduced into the contract—as delay, or the like, is not binding. It is a mere undertaking to pay another's debt, and it is within the Statute of Frauds, and, without the statute,

Comstock v. Breed.

would be void, as without consideration.    Chaffee v. Thomas, 7 Cow. 358 ;  Story on Cont., sec. 855.

If, therefore, *solely* in consideration that Comstock *had* advanced this money to' Breed, these sureties promised to repay it, evidently they had received no consideration for the promise, from the past fact. If, having advanced the money, the sureties promised, in consideration of Comstock's not calling for it, until judgment should be rendered against him for it, the case might be different.    We do not see that the mere fact of a Receiver holding moneys in trust for parties, paying a portion as an advance to a party whom he believes or supposes will be entitled to it, is such an illegal consideration as to vitiate a bond for its repayment.    The Receiver may hold money which it is apparent or very probable must ultimately go, on final settlement, to a particular person, whose convenience may be greatly promoted by receiving it in advance of his strict right to it, as in cases of administrators or other trustees;  and we do not see, if he chooses to take the risk of making a premature payment, that there is anything opposed to public policy, or to the law, in the act, which would infect a bond of indemnity with a fatal taint of illegality.    Such an advance would rather be without law, than against law.    But it is unnecessary, perhaps, to lay down any definitive rule in this case on that subject. The record does not show any consideration beyond the recitals in the bond, and the facts alleged in the defense.

There is nothing in the point that Dennis . stands in any better position than Comstock, to whose rights and place on the calendar he seems to have succeeded.    The instructions of the District Court oppose these views.

The error of the Judge below has already been sufficiently indicated for the purposes of a new trial, when the issues can be determined upon the principles here announced.

Judgment reversed and cause remanded.