[No. 12970. In Bank. — August 5, 1889.]

W. M. LEVERONE, RESPONDENT, *v.* GEORGE W. HILDRETH, APPELLANT.

PROMISSORY NOTE — WANT OF CONSIDERATION — SIGNING NOTE AFTER EXECUTION. — One who adds his signature to a promissory note as a maker, after its execution and delivery to the payee, without any agreement for extension of credit or forebearance, or other new consideration, is not liable thereon.

ID. — MONEY BORROWED BY ONE PARTNER AND USED IN FIRM BUSINESS. — The fact that the money for which the note was originally given was used in the business of a partnership composed of the maker of the note and the person who added his signature does not render the latter liable.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Craig & Meredith,* for Appellant.

*Tupper & Tupper,* for Respondent.

The defendant was liable to the plaintiff, although he did not sign the note until after it was first executed. (1 Parsons on Contracts, sec. 16; *McNaught* v. *McClaughry,* 42 N. Y. 22; 1 Am. Rep. 487; *Harrington* v. *Brown,* 77 N. Y. 72.)

BEATTY, C. J. — Suit on promissory note. Defense, want of consideration. Judgment for plaintiff. Appeal by defendant from judgment and order denying a new trial.

Appellant, in support of his appeal from the order, contends that the finding of the superior court of a sufficient consideration for the note is wholly unsupported by the evidence.

The facts are, that in 1883 Thomas Hildreth, the father of appellant, executed and delivered to the respondent his promissory note for $2,023. Subsequently, on August 1,

1885, having made a payment of one thousand dollars on account of this note, he executed and delivered the note in suit for the balance remaining unpaid, and the old note was thereupon surrendered. The new note was made payable one day after date, and some sixty days ·after its date and delivery, according to the admission of the respondent, or five months, as claimed by appellant, the appellant signed it. There is no material conflict of testimony as to the circumstances under which he added his signature to the note. Respondent was pressing his father for payment, and at the father's request, the son signed. There was no extension of credit, no promise of forbearance, written or oral. Some attempt was made to show that the appellant had some advantage or share in the money loaned or advanced by the respondent at the date of the first note. But it amounted only to this, that the money was used in the business of a firm of which appellant and his father were members; but the evidence to this effect was hearsay and incompetent, and admitted over appellant's objection. Even if it had been proved by competent testimony that the money advanced at the date of the original note went into the firm, or was used in the business of a partnership of which appellant and his father were members, it would not follow that appellant was under any obligation to repay it or any part of it. It was loaned to his father upon his note, and if he used it in the firm business, the presumption is, he got credit for it in the partnership accounts.

The authorities cited and relied upon by respondent are not in point. They are to the effect that if the payee parts with his money on the faith of a promise by the borrower that he will procure the signature of a surety to his note, the surety is bound if he sign the note after the money is advanced; but such is not the case here.

We think the findings of the superior court in the particulars indicated are against all the evidence, and

the order denying a new trial is therefore reversed, and the cause remanded.

WORKS, J., PATERSON, J., THORNTON, J., and SHARP-STEIN, J., concurred.