## LEVERONE v. HILDRETH.

### No. 18,382; November 13, 1895.

#### 42 Pac. 317.

**Appeal.—Where There is a Substantial Conflict** in the evidence, the findings of the trial court will not be disturbed.

APPEAL from Superior Court, Fresno County; M. K. Harris, Judge.

Action by William M. Leverone against George W. Hildreth. There was a judgment for defendant and plaintiff appeals. Affirmed.

Tupper & Tupper for appellant; Craig & Meredith for respondent.

PER CURIAM.—The plaintiff brought this action on a promissory note, dated August 1, 1885, and payable one day after date, and the defendant pleaded as a defense thereto that there was no consideration for the execution of the note by him. The note was originally made by Thomas Hildreth, the father of defendant, and some months later was signed by defendant. The case was tried and the findings and judgment were in favor of the plaintiff. From that judgment and an order denying a new trial the defendant appealed. After a hearing by this court in bank, the judgment and order were reversed and the cause remanded, upon the ground that the findings as to the consideration for the execution of the note by defendant were against all the evidence. The court said: "There is no material conflict of testimony as to the circum-

stances under which he added his signature to the note. Respondent was pressing his father for payment, and, at the father's request, the son signed. There was no extension of credit, no promise of forbearance, written or oral'': 80 Cal. 139, 22 Pac. 72. The case was again tried, and the court found that ''there was no consideration for the execution by the defendant of the promissory note set forth in the complaint of the plaintiff,'' and gave judgment accordingly for defendant. From that judgment and an order denying his motion for a new trial the plaintiff prosecutes this appeal.

In support of the appeal it is earnestly contended that the finding that there was no consideration for the execution of the note by defendant was not justified by the evidence, because ''it appears from the evidence, without any conflict, that defendant, George W. Hildreth, at the request of plaintiff, signed the note upon plaintiff's agreeing not to sue or attach defendant's father, Thomas Hildreth, at once, but to wait, and to give him a few months within which to pay the note,'' and that ''plaintiff waited from November, 1885, the time of the agreement, until February 9, 1887, before bringing suit.'' It is true that the evidence introduced by the plaintiff tended strongly to support his theory, but it was not without conflict. On the contrary, the evidence introduced by defendant was, in our opinion, quite sufficient to raise a substantial conflict upon the question in controversy. It would subserve no useful purpose to state the evidence in detail. The case falls within the well-settled rule that, when there is a substantial conflict of evidence, the findings of the trial court will not be disturbed on appeal.

The judgment and order must be affirmed, and it is so ordered.