[S. F. No. 1886.   Department Two.—September 4, 1900.]

## GEORGE S. WRIGHT, Appellant, v. KATE C. PERRY BYRNE and FLORENCE BLYTHE HINCKLEY, Respondents.

GUARDIAN AND WARD—NOTE FOR MONEY BORROWED BY PREVIOUS GUARDIAN—NONAPPROVAL OF COURT.—The note of a new guardian given for money borrowed for the support and care of the ward by a previous guardian, which is not approved by the court having jurisdiction of the estate, cannot bind the ward.

ID.—NONLIABILITY OF GUARDIAN—WANT OF CONSIDERATION.—The new guardian, never having received any consideration for the note, cannot be held personally liable thereupon.

ID.—DEBT FOR SUPPORT AND CARE OF WARD—PRESUMPTION AGAINST PAYMENT BY NOTE—STATUTE OF LIMITATIONS.—The note cannot be presumed to be in payment of the original debt of the estate of the ward for money borrowed for the ward's necessary support and care. But where it appears that such original indebtedness is barred by the statute of limitations, and that statute is pleaded by the ward, the debt can neither sustain an action against the ward upon the unratified note in suit nor any possible recovery against the ward.

ID.—NONRATIFICATION OF NOTE BY WARD.—The ward not having received any benefit from the note sued upon, and never having been in any manner originally liable thereupon, cannot be subject to an action based thereupon, in the absence of proof

that it was directly ratified and agreed to be paid by the ward after attaining majority. In such case it is not necessary for the ward to disavow liability upon the note after attaining majority.

ID.—ADMISSION OF PLEADING—RECEPTION OF BENEFIT BY WARD.—An admission in the answer by failure of the ward to deny the reception of the benefit of the money borrowed for the ward's support during minority, whatever effect it might have in an action for necessaries supplied to the ward, cannot amount to a ratification of the subsequent note sued upon.

ID.—ORAL AGREEMENT OF DEFENDANTS.—An oral agreement of the defendants that if recovery should be had against both defendants on the note sued upon the one who signed it as guardian would pay it does not show a ratification of the note by the ward.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion.

M. M. Estee, for Appellant.

Wilson & Wilson, and Hepburn Wilkins, for Kate C. Perry Byrne, Respondent.

W. H. H. Hart, and A. R. Cotton, for Florence Blythe Hinckley, Respondent.

GRAY, C.—Plaintiff appeals from a judgment against him for costs, and from an order denying him a new trial.

The action was commenced April 20, 1896, and is to recover the amount of a promissory note dated November 19, 1891, for four thousand seven hundred and fifty dollars and interest. This note is signed: "Kate C. Perry, guardian for the person and estate of Florence Blythe, a minor." In addition to the usual allegations in a suit on a promissory note the amended complaint contains the following:

"That the said Kate C. Perry Byrne (then Kate C. Perry), as guardian of the person and estate of the defendant Florence Blythe Hinckley (then Florence Blythe, a minor), received and expended the moneys for which said promissory note was made, for the sole use and benefit of the said defendant Florence

Blythe Hinckley (then Florence Blythe, a minor)—that is to say, for the necessaries of life, to wit, house rent, food and raiment; and that the said Florence Blythe Hinckley, upon attaining her majority, duly ratified the act of her said guardian in incurring said indebtedness and making said promissory note in the following manner: 1. By knowingly receiving the benefits derived from the expenditure of the moneys for which said promissory note was given, and not dissenting from or disaffirming the said act of her said guardian upon arriving at her majority; 2. By orally agreeing to repay the amount of money represented by said note and the said note."

The complaint also alleges that the note was made and executed for a valuable consideration. The defendants answered separately, said Byrne in effect denying that the note was made for a valuable or any consideration, denying that she received or expended any money for which said note was given, and alleging that she received no consideration for said note whatever. Said Hinckley, in substance, denies that her codefendant had any authority to make the note as guardian, denies that she (Hinckley) received any consideration for said note, and avers that there was never any consideration for any alleged agreement by her to repay the money represented by said note or to pay said note or any part thereof. Defendant Hinckley also denies all the allegations of the complaint as to ratification, receiving the benefits of the note, and agreeing to pay the amount represented thereby after she came of age. On all these issues the findings are in accord with the denials and affirmative allegations of the answers.

The only consideration for the note sued on disclosed by the evidence is an indebtedness in the sum of two thousand five hundred dollars and interest for money loaned to Perry, the original guardian of the defendant Florence Blythe Hinckley, on or before the fourth day of December, 1886, and certain rent due on the Fairfax place which, according to the evidence, must have accrued prior to 1887, for, as we understand it, the Perry family left the Fairfax place some time in 1886. The two thousand five hundred dollars indebtedness is evidenced by an exhibit introduced in evidence and reading as follows:

"This is to certify that as guardian of Florence Blythe, a

minor, I have received of M. S. Jeffers and G. S. Wright the sum of twenty-five hundred (2,500) dollars on account of said minor, and for and toward her support and care, which sum I agree, as her guardian, to pay out of the first money belonging to her estate coming into my hands as such guardian, or into the hands of my successor, and I hereby charge her estate with said sum, and I, as such guardian, also promise to pay interest on said sum from this date at the rate of ten per cent per annum.

"Witness my hand this 4th day of September, A. D. 1886.

"JAMES C. PERRY,

"Guardian of the Person and Estate of Florence Blythe, a Minor.

"Witness: Wm. H. H. Hart."

There is no evidence that the note in suit was to operate as payment or extinguishment of the previous indebtedness, but it would seem from the evidence that the original indebtedness is still in existence and capable of being enforced were it not for the statute of limitations. (*Brown v. Olmsted,* 50 Cal. 162.) Said indebtedness was not owing from defendant Byrne, and is not a good consideration in law for her promissory note. Byrne received nothing, and plaintiff parted with nothing to induce Byrne to execute the note. So far, then, as defendant Byrne is concerned, certainly the finding that she did not make the note for a valuable or any consideration was supported by the evidence, and is decisive of the case as to her. (*Comstock v. Breed,* 12 Cal. 286; *Leverone v. Hildreth,* 80 Cal. 139; *Chaffee v. Browne,* 109 Cal. 211.)

As to plaintiff's right of action against defendant Hinckley, it is clear that recovery must be had, if at all, on the theory that she is liable on the note in suit. This is so for two reasons: 1. Because the complaint is drawn that way; and 2. Because a right of action against her on any other theory consistent with the evidence would be barred by the statute of limitations pleaded in her answer. She cannot be held liable on the theory that the note was executed by her guardian as guardian, for no authority from the probate court is shown for such execution. (*Morse v. Hinckley,* 124 Cal. 154, and cases therein cited.)

There is no evidence to show that defendant Hinckley, after reaching her majority, received anything that plaintiff parted with as a consideration of the note, or derived any benefit therefrom. The case is equally barren of evidence that after she came of age she orally or otherwise agreed to repay the amount of money represented by the note. Indeed, there is nothing in the record to show that she in any way after she was eighteen years of age ratified the act of her guardian in giving the note. Her admission in the answer, by failing to deny the fact, that she received during her minority the benefit of the moneys for which the note was given, does not amount to a ratification of the note, however valuable such an admission might be in a suit brought within the time allowed by law to recover for necessaries furnished. Nor is there any reference to the note or any other expression in the contract between the defendants dated March 12, 1892, that could be construed into any ratification of the note or that can in any way make her liable thereon. Never having been bound by the note nor liable thereon, it was not necessary for her to disavow all liability on it on coming of age to avoid being held for its payment. Neither is there anything to show ratification of the note in the oral evidence of agreement between the defendants that if judgment went against them defendant Byrne would pay the whole of it. Having in view the fact that the suit herein is based on a promissory note and an alleged ratification thereof, we deem it unnecessary to notice the other points made by appellant, many of which we cannot see the application of to the case in hand. The findings are supported by the evidence and support the judgment. There was no material error in the rulings of the court on objections to evidence.

We advise that the judgment and order be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Temple, J., McFarland, J., Henshaw, J.