[S. F. No. 2440.   In Bank.—June 9, 1903.]

MARGARET H. McDONALD, Plaintiff and Appellant, and EEL RIVER AND EUREKA RAILROAD COMPANY, Intervener and Appellant, v. A. W. RANDALL et al., Respondents.

ACTION BY WIFE TO CANCEL NOTE AND MORTGAGE—JOINT NOTE FOR OUTLAWED DEBT OF HUSBAND—WANT OF CONSIDERATION—PROTECTION OF PURCHASER.—An action cannot be maintained by a wife to cancel her note and mortgage for want of consideration, in that it was given for an outlawed debt of her husband, with whom she joined in the execution of a negotiable note, which the mortgage secured, where the defendant was a *bona fide* purchaser of the joint note and the mortgage before maturity, in the regular course of business, without notice of any defense thereto on the part of the wife.

[1] 69 Am. St. Rep. 58.

ID.—CONSTRUCTIVE NOTICE TO BANK AS PURCHASER—ACTION OF PRESI-
DENT AS PAYEE.—The bank, as purchaser, is not affected with con-
structive notice of any defense to the note and mortgage on the
part of the wife, by reason of the knowledge thereof by its presi-
dent, as payee, where it appears that in procuring the purchase
thereof by the bank he was acting solely in his own behalf as
payee, and at arm's-length with the bank, and that the note and
mortgage were purchased by vote of the directors of the bank, at a
meeting at which the president was not present, without any knowl-
edge on their part of a defense thereto.

ID.—AGENTS OF PRESIDENT—SECRETARY OF BANK.—Where it appears
that the former secretary of the bank, and also the secretary
elected in his place, obtained knowledge of the consideration of the
note and mortgage, while acting as agents of the president, as the in-
dividual payee, and that the secretary-elect presented the note and
mortgage to the bank on behalf of the president as payee, the
bank, which purchased the note by vote of its directors, is not
chargeable with such knowledge. [Beatty, C. J., dissenting.
Henshaw, J., and Shaw, J., expressing no opinion.]

ID.—RECORDED CONVEYANCE FROM HUSBAND TO WIFE—NOTE AND MORT-
GAGE TO SECURE HUSBAND'S DEBT.—The fact that the husband had
conveyed the mortgaged property to his wife, and that such con-
veyance was of record when the joint note and the mortgage were
executed by the wife on her part, to secure the husband's debt,
cannot affect the bank, which purchased the note and mortgage be-
fore maturity, with constructive notice of a defense of the wife to
the note and mortgage for want of consideration, of which the
bank had no actual notice. [Beatty, C. J., dissenting. Henshaw,
J., and Shaw, J., expressing no opinion.]

ID.—EXTENSION OF TIME TO HUSBAND—CONSIDERATION FOR WIFE'S
MORTGAGE.—The extension of time to the husband evidenced by the
note executed by him was a sufficient consideration for the execution
of the mortgage on the part of the wife to secure the payment
of the husband's debt evidenced by such note. [*Per* Shaw, J., and
Henshaw, J.]

APPEAL from a judgment of the Superior Court of Hum-
boldt County.   G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

J. F. Coonan, and Mahan & Mahan, and J. N. Gillett, for
Appellants.

The bank was not a *bona fide* purchaser.   It was chargeable
with notice of all facts which it might have ascertained by
inquiry, having readily accessible means of inquiry.   (*Mont-*

*gomery* v. *Keppel,* 75 Cal. 131;[1] *Shain* v. *Sresovich,* 104 Cal. 405; *Tynan* v. *Kerns,* 119 Cal. 451; *Svetinich* v. *Sheean,* 124 Cal. 217;[2] *Wood* v. *Carpenter,* 101 U. S. 135; *Bank of Mendocino* v. *Baker,* 82 Cal. 117; *Prouty* v. *Devin,* 118 Cal. 260; *Svetinich* v. *Sheean,* 124 Cal. 218.[2]) Notice to an agent or officer of a corporation is notice to the corporation. (*Bruce* v. *Red Bluff Hotel Co.,* 31 Cal. 165; *Watson* v. *Sutro,* 86 Cal. 517; *Jefferson* v. *Hewitt,* 103 Cal. 630; *Balfour* v. *Fresno Canal Co.,* 123 Cal. 397; *Holden* v. *New York and Erie Bank,* 72 N. Y. 286.)

C. M. Wheeler, for Randall Banking Company, Respondent.

The note of the husband extending time for the payment of his note was a sufficient consideration for the wife's mortgage. (*Lyon* v. *Robertson* (Cal.), 59 Pac. Rep. 990; Civ. Code, sec. 1605.) The knowledge of the president as an individual acting on behalf of the bank was not imputable to the bank. (Thompson on Corporations, sec. 5191.)

Frank McGowan, for J. R. Hanify, Respondent.

The burden of proof was on the plaintiff to show that the defendants were not innocent purchasers, that fact being alleged in the complaint. (*Kohler* v. *Wells, Fargo & Co.,* 26 Cal. 611.) Also, to show the want of consideration. (Civ. Code, secs. 1614, 1615; *Rogers* v. *Schulenberg,* 111 Cal. 281.) The moral obligation of McDonald was sufficient to sustain his note, payable at a future day, and the morgtage given to secure it. (*Feeny* v. *Daly,* 8 Cal. 84; *Booth* v. *Hoskins,* 75 Cal. 271; *McCormack* v. *Brown,* 36 Cal. 184;[3] *Chabot* v. *Tucker,* 39 Cal. 437; *Womack* v. *Womack,* 8 Tex. 397;[4] Jones on Mortgages, sec. 113, p. 88; Stewart on Husband and Wife, 134; *Spear* v. *Ward,* 20 Cal. 659; *Queen* v. *Scranage,* 19 Iowa, 46;[5] *Low* v. *Anderson,* 41 Iowa, 476; *Campbell* v. *Tompkins,* 32 N. J. Eq. 170-173; *Connover* v. *Grover,* 31 N. J. Eq. 539-554; *Collins* v. *Warsell,* 34 Ark. 17-33; *Cornegys* v. *Clarke,* 44 Md. 108; *Lyon* v. *Robertson* (Cal.), 59 Pac. 996.)

[1] 7 Am. St. Rep. 125.　　　　[4] 58 Am. Dec. 119.

[2] 71 Am. St. Rep. 50.　　　　[5] 87 Am. Dec. 447.

[3] 95 Am. Dec. 170.

McFARLAND, J.—On February 15, 1897, plaintiff and her husband, Thomas McDonald, since deceased, made and delivered to A. W. Randall their joint negotiable promissory note for $12,895.45, payable to the order of said Randall on February 15, 1900, three years from date; and on the same day, and concurrently with the giving of said note, the plaintiff executed and delivered to Randall, as security for said note, a mortgage on certain real property of plaintiff. This action is brought to obtain a decree canceling said mortgage, on the ground of want of consideration. The action is against said Randall, the Randall Banking Company (a corporation), and J. R. Hanify. The Eel River and Eureka Railroad Company intervened. Judgment went in the court below for defendants, and the plaintiff and intervener appeal from the judgment. It seems to be admitted, and, at all events, the fact is, that the rights of the intervener in the premises are dependent upon those of the plaintiff, and the rights of Hanify upon those of the Randall Banking Company; so that the questions involved are practically those between plaintiff and said banking company.

The court found that the only consideration for the note and mortgage was a past indebtedness of the husband, Thomas McDonald, to Randall, which was barred by the statute of limitations,—that is, if an action had been brought upon said indebtedness, Thomas McDonald could, if he should choose to do so, have successfully pleaded the bar of the statute to such action. Upon this state of facts counsel for the respective parties elaborately argued the question whether, although this past outlawed indebtedness was a sufficient consideration for the making of the note by Thomas McDonald, it was a sufficient consideration for the making of the note and mortgage by the plaintiff. But under our views of the case, it is not necessary for us to decide this question; for we think that the judgment must be affirmed upon another ground.

The note, to which the mortgage was an incident, was a negotiable instrument. It was regularly indorsed by the payee, Randall, and delivered to the respondent, the Randall Banking Company, on April 12, 1897,—of course, long before its maturity. At that time Randall was indebted to the banking company in an amount much larger than the amount

of the note, and the banking company received the note and mortgage as part payment of Randall's indebtedness to it, and credited the full amount of the note on such indebtedness. The court found "that the said Randall Banking Company purchased said note and mortgage in good faith, in the ordinary course of business, and for value, before its maturity, and in ignorance of the fact that as to Margaret H. McDonald it was given without consideration, or for a debt which was barred by the statute of limitations." This finding, if sustained by the evidence, is determinative of the case against the appellants. It is contended, however, that this finding must be held to be unwarranted, because it appears, and the court found, that Randall was the president of the bank and knew of the consideration of the note. But when he procured the bank to take the note as part payment of his indebtedness, he was acting individually and at arm's-length to the bank, and his knowledge was not the knowledge of the bank. The same may be said of the former secretary, Murray, who was absent when the bank acted in the matter of accepting the note and mortgage, and who obtained his knowledge while acting for Randall individually; and also of Roberts, who was elected secretary on the day the bank acted, and who presented the note and mortgage to the bank for and as agent of Randall. The note and mortgage were accepted at a meeting of the board of directors of the bank, at which were present Hill, the vice-president, and four of the other directors, Randall not being present. Neither Hill nor any of the other directors knew that the consideration of the note was an outlawed indebtedness. The fact that some of them knew, or should be held to have known, that shortly before the making of the note and mortgage the property covered by the mortgage had been conveyed to the plaintiff by her husband,—it formerly having been community property,—and that the conveyance had been recorded, is of no significance. The validity of the transaction here involved was in no way dependent upon the time at which she acquired title to the mortgaged premises. That a corporation is not chargeable with the knowledge of one of its officers or agents who is acting on his own behalf, and not for the corporation, is beyond question the law.

Sufficient authorities are cited to the point in *Bank* v. *Burg-wyn*, 110 N. C. 267. It is there said, among other things: "In such transactions the attitude of the agent is one of hostility to the principal. He is dealing at arm's-length, and it would be absurd to suppose that he would communicate to the principal any facts within his private knowledge affecting the subject of his dealing, unless it would be his duty to do so, if he were wholly unconnected with the principal. As was said by the court in *Wickersham* v. *Chicago Zinc Co.*, 18 Kan. 481,[1] 'Neither the acts nor knowledge of an officer of a corporation will bind it in a matter in which the officer acts for himself and deals with the corporation as if he had no official relations with it'; or, as was said in *Barnes* v. *Trenton Gas Light Co.*, 27 N. J. Eq. 33, 'His interest is opposed to that of the corporation, and the presumption is, not that he will communicate his knowledge of any secret infirmity of the title to the corporation, but that he will conceal it.'"

We are of the opinion that the finding above discussed cannot here be disturbed; and therefore it is unnecessary to consider any other point argued by respondents.

The judgment appealed from is affirmed.

Lorigan, J., Angellotti, J., and Van Dyke, J., concurred.

HENSHAW, J., concurring.—I concur with the foregoing, and am also of opinion that the mortgage was valid upon the ground discussed by Shaw, J.

SHAW, J., concurring.—I concur in the judgment of affirmance. I am not satisfied that the court below correctly decided on the evidence that the Randall Banking Company did not have knowledge of the real consideration of the note. But, without expressing any opinion on that question, I think that the outlawed debt, coupled with the three years' extension of the time of payment, was a sufficient consideration to uphold both the note of the husband and the mortgage of the wife given to secure its payment.

Plaintiff's action was apparently begun in reliance upon the principles laid down in *Chaffee* v. *Browne*, 109 Cal. 211.

---

[1] 26 Am. Rep. 784.

The cases of *Wright* v. *Byrne,* 129 Cal. 617, *Sullivan* v. *Sullivan,* 99 Cal. 187, and *Rosenberg* v. *Ford,* 85 Cal. 610, are also cited to support the proposition that the mortgage was without valid consideration. It is conceded by the appellant that a debt barred by the statute of limitations is a good and sufficient consideration for a new note of the debtor for the amount. This has been often decided. (*McCormack* v. *Brown,* 36 Cal. 184;[1] *Lambert* v. *Schmalz,* 118 Cal. 35; *Chabot* v. *Tucker,* 39 Cal. 436; *Wells* v. *Harter,* 56 Cal. 344; *Concannon* v. *Smith,* 134 Cal. 20; *Womack* v. *Womack,* 7 Tex. 397.[2]) The theory of the plaintiff seems to be, that although the moral obligation to pay the pre-existing debt was a sufficient consideration for the note, payable three years after its date, so far as the husband, who was the original debtor, is concerned, yet that it is not sufficient to support a mortgage given by the wife on her separate property to secure the note, although the wife signed as a joint maker, and executed the mortgage concurrently with the execution of the note. The authorities relied upon do not support such contention.

In *Chaffee* v. *Brown,* 109 Cal. 211, there was no new note or new promise given for the debt. The debt was a mere open account for goods sold and delivered to the husband. The mortgage was given by the wife on her separate property a considerable time after the debt had matured, and not in consequence of any threat to sue, nor in consideration of any extension of time or other benefit or detriment to either of the parties. The mortgage contained no promise to pay the debt. There was a recital that the mortgagors were jointly and severally indebted to the mortgagee in the sum named, but this was properly held to be nothing more than an acknowledgment of the existence of the pre-existing debt. It is clear that it could not constitute a new promise. The case was nothing more than an application of the familiar principle that where a debt has been already created the entering into an obligation to pay the same by a third person as surety, after the creation of the debt, and without any new consideration, such as delay or extension of time, it is not a binding obligation upon the surety. (*Comstock* v. *Breed,* 12 Cal. 288.) In *Wright* v. *Byrne,* 129 Cal. 617,

<hr>

[1] 95 Am. Dec. 170.          [4] 58 Am. Dec. 119.

a succeeding guardian gave her note in renewal of the exist-
ing note of a former guardian, apparently upon the mistaken
idea that it was her duty to do so, and without any new
consideration or the cancellation of the old debt. Upon the
principle above stated, it was properly held that there was
no consideration. In *Sullivan* v. *Sullivan,* 99 Cal. 187, the
wife gave an agreement to pay a debt of her deceased hus-
band which was barred by the statute of limitations. It was
held that, even though the debt had not been barred by the
statute, she would not be bound by her promise, because she
was under no moral or legal obligation to pay the debt, and
there was no other consideration upon which the agreement
could be founded. In *Rosenberg* v. *Ford,* 85 Cal. 610, the
wife, erroneously supposing she was bound to pay the debt
of her husband, and for no other consideration, executed
a mortgage upon her property to secure the same, including
other debts also, and it was held that, so far as the mortgage
related to the debts of her husband, it was invalid. None
of these cases decided the proposition contended for by the
plaintiff and the intervener in this case.

If the consideration was sufficient to support the promise
of the husband upon the new note, clearly it must be held
to be sufficient to support the mortgage given by the wife
to secure the same contemporaneously with the execution
of the note. A married woman may enter into any engage-
ment or transaction with another person respecting property
which she might if unmarried. (Civ. Code, sec. 158.) The
wife in this case, therefore, occupies the same position with
respect to the transaction as if she were a stranger. The
debt, not being her own, and the property being her separate
property, she stands as surety of the husband for the pay-
ment of this debt. (*Spear* v. *Ward,* 20 Cal. 659; *Bull* v. *Coe,*
77 Cal. 54;[1] *Alexander* v. *Bouton,* 55 Cal. 15.)

It is suggested that she is not a surety within the meaning
of section 2831 of the Civil Code, which declares that "a
surety is one who at the request of another, and for the
purpose of securing to him a *benefit,* becomes respon-
sible" for the performance of some act by the principal.
The reason given for this contention is, that the husband

[1] 11 Am. St. Rep. 235.

received no benefit, and hence the contract of suretyship is not binding. This is based upon the language of finding IV, following the language of *Chaffee* v. *Browne,* 109 Cal. 211, that upon the execution of the note and mortgage "the said Thomas McDonald received nothing, said Margaret H. McDonald received nothing, and said A. W. Randall parted with nothing. The sole consideration for the execution of said note and mortgage was the antecedent debt from said Thomas McDonald to A. W. Randall." But these general statements must be considered in connection with the preceding specific finding that the note taken was payable three years after date. If any benefit other than the consideration of the original debt is necessary, we must bear in mind that the law favors and encourages the paying of an honest debt, even if it is barred by the statute, and that Thomas McDonald, being of a mind to pay this debt, being liable to suit upon it at any time, in which he must defend or submit to judgment, and desiring to execute a promise to pay it, did receive a benefit when he obtained the period of three years within which to make payment, and also immunity from suit for that time, and that this also was a part of the consideration for the note. The general words of the finding cannot override the specific facts thus found, and indeed admitted by the appellants in their brief. (*Savings and Loan Society* v. *Burnett,* 106 Cal. 536; *People* v. *Reed,* 81 Cal. 76;[1] *Geer* v. *Sibley,* 83 Cal. 4.)

This section of the Civil Code should not be construed to provide that a note, executed by one as principal and concurrently by another as surety, is not binding on the surety, unless the principal at the time of its execution receives the *benefit* referred to, or is not binding on the surety when the note is given for a consideration received by the principal prior to its execution, and for which he had given an obligation still outstanding. Any benefit whatever to the principal sufficient to support the contract as to him is sufficient to support the contract as to the surety. If given for a pre-existing debt, evidenced by a note not canceled, but left to remain in force, the consideration of the original debt, with the additional credit obtained by means of the new note, is

---

[1] 15 Am. St. Rep. 22, and note.

the *benefit* referred to by the section. If the old note is out-lawed, the benefit is the same,—that is, the original considera-tion of the outlawed debt and the additional credit, which defers the cash payment. Any other construction would imply that the code commissioners intended not merely to give a new and better definition of the contract of suretyship, as the law had previously settled it, but to make an innova-tion, to enact some new rule, with all the uncertainty that would follow its interpretation and administration. No such intention is apparent, none is expressed in the note to the section, and the contrary is implied. (Field's N. Y. Civ. Code, sec. 1558, note; Civ. Code, annot. ed. of 1872, sec. 2831, note.) It could not have been intended to establish the proposition that a note executed by a surety at the request of the principal, and simultaneously with him, may have a consideration sufficiently valuable, as the law defines the term valuable, to make the note the valid contract of the principal, which is not also sufficient to support its validity as to the surety, or that the "benefit" which the contract of the surety secures to the principal is something more than, and additional to, the consideration which is sufficient to support the contract as to the principal. In *Savage* v. *Fox,* 60 N. H. 17, the court decides as follows (quoting from the *syllabus,* which is fully supported by the opinion): "It is not necessary to show a consideration as between the payee of a note and the surety, if the contract of suretyship is con-temporaneous with the contract between the payee and the principal. If there is a consideration sufficient to support that contract, it will be sufficient to support the contract of the surety." (See, also, 3 Kent's Commentaries, 122; *Rob-ertson* v. *Findley,* 31 Mo. 388; *Wain* v. *Walters,* 5 East, 10; *Pearce* v. *Wren,* 12 Smedes & M. 97; *Leonard* v. *Vredenburg,* 8 Johns. 38;[1] *Bickford* v. *Gibbs,* 8 Cush. 154.) In all the field of judicial decision I confidently assert that no case can be found to the contrary.

The case must not be confused with those cases where no new obligation is made by the principal debtor, and the contract of suretyship is entered into by the surety after the execution of the contract of the principal. Thus, if

[1] 5 Am. Dec. 317, and note.

A gives his note to B to-day, payable in six months, with no agreement to give security, and a month hence, at B's request, and without any new consideration or new contract with A, C signs the note, intending to become bound as surety thereon, the obligation does not bind him. (*Leverone* v. *Hildreth,* 80 Cal. 139; *Jackson* v. *Jackson,* 7 Ala. 791.) In these cases it is said that a pre-existing debt will not support a promise to pay by a surety without a new consideration moving to him, and the language must be construed with reference to the facts to which it relates. (3 Kent's Commentaries, 122.) But if A and B had agreed at the time the note was made that a surety should be obtained on the note, the fact that the surety may have signed a week or a month after the delivery of the note would not affect its validity as to him, if he signed in pursuance of the original agreement. (*Pauly* v. *Murray,* 110 Cal. 13; *McNaught* v. *McLaughry,* 42 N. Y. 22.[1])

In this case the husband and wife executed a note and mortgage, payable three years after date, for the pre-existing debt of the husband, which was barred by the statute of limitations. It is conceded that the consideration for the note is good as to the husband, and upon the principles laid down in the above authorities there can be no valid reason why it is not good also as to the wife who executed the note with him. This being the case, the foundation of the plaintiff's case fails, and the mortgage should not be canceled.

BEATTY, C. J., dissenting.—I dissent. There is no consideration for the mortgage of a married woman's separate property to secure her husband's promise to pay an outlawed debt.

The bank took the assignment with notice, or with what is equivalent to notice, of the invalidity of the mortgage. The vice-president of the corporation and its secretary and cashier, both of whom were present and acting on behalf of the bank when the assignment was taken, knew that the mortgage had been made by Mrs. McDonald upon her separate property to secure an antecedent debt of her husband. This knowledge is imputed to the bank, and was sufficient

[1] 1 Am. Rep. 487.

to put it upon inquiry. Inquiry of Mrs. McDonald would have disclosed the whole truth, and the neglect to make it leaves the bank charged with notice of all it could have learned if such inquiry had been made. (Civ. Code, sec. 19.) The judgment should be reversed.